CHRIS T. BARNETTE, Judge pro tern.
Plaintiffs have appealed from a judgment rejecting their demands for a judgment of $10,688.29, with interest, or the return of a $12,000.00 mortgage note and the cancellation of the mortgage executed by them March 26, 1962. They allege bad faith, conspiracy to defraud, and failure of consideration. They have abandoned all charges except failure of consideration.
 The question before us is one of fact, more particularly, the intention of the parties and the purpose of the execution and negotiation of the mortgage note in dispute. A great deal depends upon the credibility of the witnesses. Andras contends that it was never intended that the mortgage be given to secure existing obligations owed by him but was to obtain $10,688.89 additional operating cash. Duvigneaud, on the other hand, says that Andras was heavily indebted to him and agreed to this method of liquidation. It is reasonable to assume that Duvigneaud would not likely advance Andras an additional $12,000.00 on the security of a mortgage on property appraised at $8,400.00. It is equally incredible that, in return for a $12,000.00 mortgage on property appraised at $8,400.00, Duvigneaud would cancel a debt of $9,000.00 owed to himself and pay off other indebtedness of the mortgagor of $11,900.00, as he testified.
It is evident that Andras received ample consideration for the mortgage note. Whether or not he received the consideration he expected to receive or was tricked unwittingly into giving a mortgage to secure prior existing debts, is really the issue between him and Duvigneaud. This is a question of fact found against plaintiffs-appellants by the trial judge, who saw and evaluated the credibility of the witnesses. His findings will not be disturbed in the absence of manifest error. This rule of law *210 is too well settled to require citations of authority. There is no such error apparent to us.
The judgment appealed from is affirmed as to all parties at appellants’ cost.
Affirmed.